**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN ANTHONY GUZMAN, | No. 09-16051 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-00700-FCD-GGH |
| v. | |
| A. LAMARQUE, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted April 13, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge, NOONAN and CALLAHAN, Circuit Judges.

Under California law, the possibility of parole does not transmute a life

sentence into something less than a life sentence. *In re Dannenberg*, 104 P.3d 783,

804 (Cal. 2005). The trial court correctly advised Guzman that the maximum

penalty he faced was life in prison. The misstatement of Guzman's parole

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

eligibility did not violate law clearly established by the United States Supreme Court. *See Lambert v. Blodgett*, 393 F.3d 943, 981 n.26 (9th Cir. 2004).

Nor did Guzman's lawyer's failure to object to the trial court's advisements and sentencing with respect to the thirty-one year minimum term violate his clearly established rights. The Supreme Court has specifically declined to find that a defendant has the right to be advised by his lawyer of the parole consequences of his plea. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

Finally, Guzman argues that the trial court lacked substantial evidence for its finding that he was sane at the time that he killed his wife. Assuming that we can review the trial court's finding that Guzman did not carry his burden to show insanity for sufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979), we find that there was sufficient evidence for the finding. If Guzman went back to the house thinking that his wife was not an imminent danger to him, it was, according to Dr. Jaffe's testimony, not possible that his delusion then caused him to form the temporary belief that she was an immediate threat, only to realize moments later that his act was wrong. The trial court was entitled to rely on Dr. Jaffe's medical opinion that if Guzman knew right from wrong immediately before and after the killing, he also knew right from wrong at the time of the killing and could be held culpable.

2

The judgment of the district court is AFFIRMED.